UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

NATALIE SUE LILLIE,                                               6:16-cv-1391-JR

                               Plaintiff,

                                              FINDINGS & RECOMMENDATION

        v.

COMMISSIONER, Social Security
Administration,

                               Defendant.

RUSSO, Magistrate Judge:

        Plaintiff brings this proceeding to obtain judicial review of the Commissioner's final decision

denying plaintiff's application for disability insurance benefits.

        Plaintiff asserts disability beginning November 3, 2012, due to seronegative rheumatoid

arthritis causing pain in her ankles and feet, sleep apnea, osteoarthritis, and chronic tail bone pain.

Tr. 75, 229.

        After a hearing, an administrative law judge (ALJ) determined plaintiff was not disabled.

Plaintiff argues the ALJ erred in: (1) rejecting her testimony; (2) rejecting medical source statements;

and (3) finding she retains the ability to perform other work.

Page 1 - FINDINGS & RECOMMENDATION

The Commissioner concedes that the ALJ erred in evaluating medical source opinion, assessing plaintiff's residual functional capacity, and determining plaintiff's ability to perform past relevant work. The Commissioner, however, moves to remand for further proceedings rather than for payment of benefits. The Commissioner's motion should be denied.

The decision whether to remand a case for additional evidence, or simply to award benefits is within the court's discretion. Sprague v. Bowen, 812 F.2d 1226, 1232 (9th Cir. 1987). Remand is appropriate when further proceedings would likely clear up defects in the administrative proceedings. Remand is not appropriate if the new proceedings would serve only to delay the receipt of benefits and would be unlikely to add to the existing findings. McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989). Evidence should be credited

> that was rejected during the administrative process and remand for an immediate award of benefits if (1) the ALJ failed to provide legally sufficient reasons for rejecting the evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004).

Accordingly, a remand for further proceedings is not appropriate solely to allow an ALJ to make specific findings regarding medical opinion. Rather, where an ALJ provides legally insufficient reasons for rejecting a medical opinion, that opinion is treated as true and if the opinion establishes disability, the case is remanded for an award of benefits. Harmen v. Apfel, 211 F.3d 1172, 1179 (9th Cir. 2000).

The Commissioner takes issue with the credit-as-true rule, but this court is not in a position to reject Ninth Circuit precedent on this rule. See Kinzer v. Colvin, 567 Fed.Appx. 529 (9th Cir.

2014) (Gould, J. Concurring) ("[I]t is my view that a credit-as-true rule is not consistent with normal administrative law principles. I recognize that the panel is bound by prior Ninth Circuit precedent, and my position may require review by an en banc panel or the Supreme Court in some other case where the credit-as-true rule is applied on a Social Security case remand.").

The Commissioner also argues that the credit-as-true rule is not applicable in this case, focusing only on the opinion of Dr. Donald Jones, plaintiff's orthopedist. The ALJ does not address the opinion of plaintiff's primary care physician, Dr. Michael Boespflug. Dr. Boespflug opines that plaintiff's impairments would cause her to miss more than four days of work per month if she engaged in a regular work schedule. Tr. 423. There remain no outstanding issues to determine disability, and the record is clear that when Dr. Boespflug's opinion is credited, plaintiff is disabled. See Tr. 69 (vocational expert testifies that a typical employer would tolerate missing work no more than one day a month). Accordingly, remand for an award of benefits is appropriate.

**CONCLUSION**

Pursuant to Sentence 4 of 42 U.S.C. § 405(g), the decision of the Commissioner should be reversed and the case remanded for an award of benefits.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties shall have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determination of the Magistrate Judge will be considered as a waiver of a party's right

to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to this recommendation.

DATED this 8th day of August 2017.

s/Jolie A. Russo
JOLIE A. RUSSO
United States Magistrate Judge